UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MUNRO ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; COLLETTE PETERS, BOP Director; YANKTON FPC WARDEN; DR. ROCK BOYD, Jointly and Individually; NAPHCARE, Jointly and Individually; and ESTILL FPC, WARDEN,<br><br>Defendants. | 4:23-CV-04116-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE TRADITIONAL SERVICE OR, IN THE ALTERNATIVE, FOR SERVICE BY PUBLICATION AND DIRECTING ASSISTANCE WITH SERVICE |
| TIMOTHY MUNRO ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; BOP DIRECTOR COLLETTE PETERS; YANKTON FPC, WARDEN; DR. ROCK BOYD, Jointly and Individually; NAPHCARE, Jointly and Individually; and ESTILL, FPC, WARDEN,<br><br>Defendants. | 4:23-CV-04166-KES |

Plaintiff, Timothy Munro Roberts, commenced this pro se civil rights lawsuit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971). Docket 1 at 1.[1] Roberts filed a nearly identical case in the District of South Carolina, which was transferred to the District of South Dakota as the proper venue. 4:23-CV-04166-KES Docket 1. The court consolidated the two cases with 4:23-CV-04116-KES as the lead case. Docket 8 at 2. After granting Roberts' motion to proceed in forma pauperis, the court screened Roberts' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Docket 9. The court dismissed the complaint in part and directed service upon defendant Dr. Rock Boyd. *Id.* at 12–14. Roberts completed and sent to the Clerk of Court a summons and USM-285 form, Docket 12, but the summons was returned unexecuted because Dr. Boyd has retired and no longer works at the Yankton Federal Prison Camp. Docket 13 at 3. Roberts has filed a motion to "waive the traditional service requirement" or, in the alternative, to order an alternative method of service such as publication. Docket 14.

## LEGAL ANALYSIS

Roberts was an inmate at the Yankton Federal Prison Camp (FPC) while Dr. Boyd was one of the physicians available to care for inmates there. Docket 1-1 at 2. Roberts alleges a *Bivens* claim against Dr. Boyd for deliberate indifference to serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Docket 1 at 3. Roberts' *Bivens* claim and state-law medical malpractice claim against Dr. Boyd

---

[1] Documents cited from 4:23-CV-04116-KES will be cited using the court's assigned docket number. Documents from Roberts' case transferred from South Carolina, 4:23-CV-04166-KES, will be cited using the court's assigned docket number preceded by "4:23-CV-04166-KES."

2

survived § 1915 screening. But Roberts' "efforts to serve the summons have been met with challenges due to the [Bureau of Prisons]'s refusal to release Dr. Boyd's personal contact information, citing security concerns associated with his federal employment." Docket 14 at 1. Although Roberts alleges that Dr. Boyd is a "federal worker[,]" it appears that is no longer the case. *See id.* at 1; Docket 13 at 3. While Dr. Boyd is retired, the court recognizes that there are continuing legitimate security concerns that justify the Bureau of Prisons' refusal to release his personal contact information. Similarly, the court recognizes that Roberts may "have no reasonable means to obtain it independently." *See* Docket 14 at 2. But these are not reasons to waive the traditional service requirements. Dr. Boyd must be provided notice reasonably calculated to apprise him of the pendency of this action and to afford him an opportunity to present a defense. *Mulhane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950). Waiving traditional service requirements does not comport with due process. Roberts' motion to waive traditional service requirements is denied.

The Federal Rules of Civil Procedure do not expressly provide for service by publication, but Rule 4(e)(1) provides that an individual may be served in any manner allowed by law of the state where the district court is located. South Dakota provides that "[a] summons . . . may be served by publication . . . [w]here the person on whom the service of the summons . . . cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court[.]" SDCL § 15-9-7. Roberts has not demonstrated

3

that Dr. Boyd cannot be found within South Dakota. Rather, Roberts alleges that he has no means to obtain information regarding Dr. Boyd's location in South Dakota due to security concerns arising of out Dr. Boyd's former employment with the Bureau of Prisons. Thus, Roberts' motion for service by publication is denied without prejudice.

Because Roberts is proceeding pro se, the court must liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court liberally construes Roberts' motion as a motion for assistance with service, which is granted. The Clerk of Court is directed to prepare and issue the summons for service on the United States as required by Fed. R. Civ. P. 4(i)(3). When the summons is served on the United States Attorney for the District of South Dakota, the Clerk of Court is directed to include a copy of the complaint and attachments and supplements (Dockets 1, 1-1, 5, 6), order consolidating cases (Docket 8), the court's screening order (Docket 9), and this order directing assistance with service. Upon receipt of the summons, the United States Attorney for the District of South Dakota is ordered to do one of two things. The United States Attorney for the District of South Dakota may request that Dr. Boyd execute a waiver of service or authorize the United States Attorney to execute a waiver of service on his behalf. If a waiver of service is executed, it should be filed within thirty (30) days of the date of this order.

Alternatively, the United States Attorney for the District of South Dakota must use reasonably available means to locate current contact information for Dr. Boyd so that the United States Marshals Service (USMS) can serve him.

But Dr. Boyd's contact information should not be provided to Roberts and should not be included in any publicly available filing. If the United States Attorney for the District of South Dakota obtains current contact information for Dr. Boyd, the United States Attorney must contact the Clerk of Court and provide that information so that Clerk of Court may prepare and issue a summons for service on Dr. Boyd. After the summons is issued, the Clerk of Court must deliver the completed summons, a copy of the complaint and attachments and supplements (Dockets 1, 1-1, 5, 6), order consolidating cases (Docket 8), the court's screening order (Docket 9), and this order directing assistance with service to the USMS for service on defendant Dr. Boyd. The Clerk of Court must redact Dr. Boyd's contact information before filing a copy of the summons or any return of service. If the summons is returned unexecuted, Roberts may renew his motion for service by publication.

If the United States Attorney for the District of South Dakota, using reasonably available means, cannot obtain Dr. Boyd's current contact information, she must notify the court and Roberts within thirty (30) days of this order, and Roberts may renew his motion for service by publication.

Thus, it is ORDERED:

1. That Roberts' motion to waive traditional service or, in the alternative, for service by publication, Docket 14, is denied, but the Court directs assistance with service.

2. That the Clerk of Court is directed to prepare and issue the summons for service on the United States as required by Fed. R.

        Civ. P. 4(i)(3). When the summons is served on the United States Attorney for the District of South Dakota, the Clerk of Court is directed to include a copy of the complaint and attachments and supplements (Dockets 1, 1-1, 5, 6), order consolidating cases (Docket 8), the court's screening order (Docket 9), and this order directing assistance with service.

3. That upon receipt of the summons, the United States Attorney for the District of South Dakota must (1) request that Dr. Boyd execute a waiver of service or authorize the United States Attorney to execute a waiver of service on his behalf or (2) use reasonably available means to locate current contact information for Dr. Boyd so that the USMS can serve him.

4. That if a waiver of service is executed, it should be filed within thirty (30) days of the date of this order.

5. That if the United States Attorney for the District of South Dakota elects to obtain current contact information for Dr. Boyd, the United States Attorney must contact the Clerk of Court and provide that information so that Clerk of Court may prepare and issue a summons for service on Dr. Boyd. After the summons is issued, the Clerk of Court must deliver the completed summons, a copy of the complaint and attachments and supplements (Dockets 1, 1-1, 5, 6), order consolidating cases (Docket 8), the court's screening order

(Docket 9), and this order directing assistance with service to the USMS for service on defendant Dr. Boyd.

6. That Dr. Boyd's current contact information should not be provided to Roberts or included in any publicly available filing. The Clerk of Court must redact Dr. Boyd's contact information before filing a copy of the summons or any return of service.

7. That if the summons for Dr. Boyd is returned unexecuted, Roberts may renew his motion for service by publication.

8. That if the United States Attorney for the District of South Dakota, using reasonably available means, cannot obtain Dr. Boyd's current contact information, she must notify the court and Roberts within thirty (30) days of this order, and Roberts may renew his motion for service by publication.

9. That defendant Dr. Boyd will serve and file an answer or responsive pleading to the amended complaint on or before 60 days following the date of service.

Dated January 29, 2024.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE