UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MUNRO ROBERTS,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, COLLETTE PETERS, BOP DIRECTOR; YANKTON FPC WARDEN, DR. ROCK BOYD, JOINTLY AND INDIVIDUALLY; NAPHCARE, JOINTLY AND INDIVIDUALLY; AND ESTILL FPC, WARDEN,<br><br>   Defendants. | 4:23-CV-04116-CCT<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Docket No. 35 |

  This matter is pending before the court pursuant to plaintiff Timothy Munro Roberts' *pro se* complaint alleging civil rights violations against defendants under 42 U.S.C. § 1983. See Docket No. 1. Mr. Roberts filed a motion to compel certain discovery from defendants, which motion has been referred to this magistrate judge for determination. Docket Nos. 35 & 39. No defendant other than Dr. Rock Boyd has filed an answer.

  In his motion, Mr. Roberts admits his motion to compel is his first attempt to obtain the information from defendants. See Docket No. 35. He

never served defendants with interrogatories or requests for the production of documents.  Id.  See Fed. R. Civ. P. 33 and 34.

Also, before any party may file a discovery motion, they are required to first contact the party from whom the discovery was requested and who is refusing to provide it and engage in a good faith attempt to resolve the discovery dispute between the parties first before calling upon the court to resolve the issue.  See Fed. R. Civ. P. 37; DSD LR 37.1.  Mr. Roberts has not engaged in this required good faith effort to resolve the discovery dispute with Dr. Boyd prior to filing the instant motion.  Docket No. 35.

Mr. Roberts, although representing himself, is still required to comply with the law.  Regarding discovery, the court encourages him to read Rules 30 through 37 of the Federal Rules of Civil Procedure.  In addition, no defendant other than Dr. Boyd has made a notice of appearance.  It would be improper to enter an order against non-appearing defendants and Dr. Boyd is not in possession of much of the discovery Mr. Roberts seeks.

Finally, the court notes that in a civil rights action, qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is immunity from suit, not just a defense to liability at trial.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Therefore, the Supreme Court has "repeatedly stressed the importance of resolving

immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, 571 U.S. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, 563 U.S. 731 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). "'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.'" Stanton, 571 U.S. at 5. "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818). Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id. Even then, the Court has pointed out that Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence. Id.

Here, Dr. Boyd has asserted the affirmative defense of qualified immunity. See Docket No. 29 at p. 4, ¶ 10. Based on the above law, the court concludes it is improper to allow Mr. Roberts to engage in any discovery until the issue of qualified immunity is resolved. For all these reasons, both procedural and substantive, it is hereby

ORDERED that Timothy Roberts' motion to compel, Docket No. 35, is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of August, 2024.

BY THE COURT:

*Veronica L. Duffy* (signature)

VERONICA L. DUFFY

United States Magistrate Judge